Anton Ewing (not an attorney)
3077 B Clairemont Drive #372
San Diego, CA 92117
619-719-9640
anton@antonewing.com

Plaintiff In *Pro Per*

FILED
NOV 09 2021
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY GGV DEPUTY

**THE UNITED STATES FEDERAL DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Anton Ewing,<br>Plaintiff,<br>vs.<br>Carolein Gorges Toma, an individual; Big Block Realty, Inc, a California corporation,<br>Defendants. | Civil Case No. 21-CV-1724 JLS MDD<br>**PLAINTIFF'S NOTICE OF MOTION**<br>**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ENTIRE MOTION TO DISMISS AND REQUEST FOR ADMONISHMENT TO DEFENSE COUNSEL**<br>Judge: Hon. Janis L. Sammartino<br>Date: December 16, 2021<br>Time: 1:30 PM<br>No Oral Argument Unless Ordered |

Please take notice that on December 16, 2021, at 1:30 PM, before the Honorable District Judge Janis L. Sammartino, Plaintiff Anton Ewing will move the Court to enter an order striking the Defendant's motion to dismiss and requesting the Court admonish Defense Counsel. Said motion to strike will be

based on this Notice, the Motion and the attached Memorandum of Points and Authorities in support thereof.

Respectfully submitted this 8th day of November, 2021.

/S/ Anton Ewing
Anton Ewing, Plaintiff

Anton Ewing (not an attorney)
3077 B Clairemont Drive #372
San Diego, CA 92117
619-719-9640
anton@antonewing.com

Plaintiff In *Pro Per*

**THE UNITED STATES FEDERAL DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Anton Ewing,<br>Plaintiff,<br>vs.<br>Carolein Gorges Toma, an individual; Big Block Realty, Inc, a California corporation,<br>Defendants. | Civil Case No. 21-CV-1724 JLS MDD<br><br>**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ENTIRE MOTION TO DISMISS AND REQUEST FOR ADMONISHMENT TO DEFENSE COUNSEL**<br><br>**Memorandum of Points and Authorities**<br><br>Judge: Hon. Janis L. Sammartino<br>Date: December 16, 2021<br>Time: 1:30 PM<br><br>No Oral Argument Unless Ordered |

Plaintiff Anton Ewing ("Plaintiff"), in *propria persona*, respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 12(f) and the Court's inherent power to manage its docket, to strike the Defendant's Motion to Dismiss filed at ECF No. 6 for failure to follow basic case legal citation rules mandated in this District.

## I. INTRODUCTION

1. The same attorneys in *Stark vs. GG Homes* were the direct recipient of the

following order: 20-cv-1913-JAH-MSB at ECF No. 42 at PageID.489, paragraph 3 "**ALL PARTIES ARE ADMONISHED** that personal attacks by any party against another—moving forward—will not be tolerated by this Court and may result in sanctions provided by law." The Honorable Judge Houston went further to clarify that this order applied to the Manatt attorneys specifically. *See* ECF No. 52 entered 2/26/2021 in 20cv1913. The Manatt attorneys just don't know when enough is enough. The motion to dismiss contains 40 instances of blatant attacks[1] against Plaintiff.

2. Defendant's law firm hails from one of the largest and most well-funded firms[2] in the United States. Yet, they only use "WL" citations in each case contained in the Memorandum of Points and Authorities at ECF No. 6-1. *See* PageID.60. For example: 2019 WL 8953349, 2018 WL 288055, 2021 WL

---

[1] These unprofessional attacks are the subject of a soon-to-be filed motion for sanctions (21-day grace period). These same attorneys were, additionally, forced to withdraw their Answer in several of the GG Homes cases due to their unprofessional written comments. *See* ECF No. 16, 17 and 18 in 20-cv-0271-DMS. The Court needs to get control of these attorneys quickly before this case escalates out of hand. Plaintiff is not going to stand by and let these attorneys act like they are untouchable.

[2] Moreover, Christine Reilly attended Boalt Hall and Kristin Haule attended Loyola. "Manatt is a large, nationally-renowned law firm with nearly 300 attorneys located in various states, including offices in Southern California, is an American Lawyer "A-List" law firm for 2020, and has been consistently on the "AmLaw 200" top firm list." Quoting A.Paul Heeringa, Esq. declaration made under penalty of perjury.

4775146, 2011 WL 13359417, 2020 WL 5540559, 2019 WL 2280731, 2019 WL 1306064, 2019 WL 1983291, 2021 WL 2936636, 2021 WL 3602479, 2021 WL 2144671, 2019 WL 1275343, 2019 WL 4747679, 2018 WL 4684209, 2016 WL 5405257, 2021 WL 1946645, 2014 WL 51275, 2006 WL 3841789, 2019 WL 1429589, 2019 WL 157660, 2019 WL 277386, 2019 WL 3253058, 2020 WL 2037111, 2019 WL 4855378, 2013 WL 3026641, 2021 WL 843148, 2021 WL 4804464, 2021 WL 3291532, 2017 WL 3841491, 2020 WL 2614625, 2020 WL 8993127, 2015 WL 3914741, 2020 WL 9261758, 2021 WL 4924814, 2021 WL 2585488, 2016 WL 8731446, 2016 WL 5929273, 2018 WL 1172611, 2015 WL 4477425, 2016 WL 1056973, 2021 WL 3634162, 2017 WL 5885671, 2017 WL 4863076, 2017 WL 4838980, 2020 WL 6440255, 2013 WL 3006415, 2015 WL 4148704, 2020 WL 2476173, 2020 WL 2468765, 2015 WL 13374016, 2018 WL 1524067, 2018 WL 5093942, 2015 WL 7736547, 2018 WL 11033583, 2019 WL 1790471, 2017 WL 5992123, 2013 WL 2403243, 2021 WL 4926495, 2015 WL 3750112, 2019 WL 5212961, 2017 WL 4237008, 2016 WL 1109042, 2020 WL 3869191, 2021 WL 4927422, 2020 WL 9348208, 2015 WL 903364, 2020 WL 2474421, 2020 WL 5632653, 2018 WL 6816110, 2018 WL 6822626, 2019 WL 3718878, 2021 WL 1978472, 2021 WL 3088011, 2021 WL 3886043, 2020 WL 5106663, 2014 WL 7652994, 2019 WL 5212392, 2019 WL 978666, 2021 WL 2529613, 2016 WL 3971296, 2015 WL 9490242, 2016 WL 1268046, 2021 WL

4865930. This list spans 83 case citations that Plaintiff cannot brief for the Court.

3. This violation of the rules constitutes an act of unfair practice of law. Local Rule 2.1 states "We expect lawyers to attempt to resolve disputes promptly, fairly and reasonably, with resort to the Court for judicial relief only if necessary." They have chosen to disobey this rule[3]. Further, they have chosen to ignore Plaintiff's written requests to meet and confer.

4. The motion to dismiss does not use proper or accepted legal citation format as is mandated in The Bluebook and well established caselaw. Attorneys are required to strictly follow these rules. Given that opposing counsel was put on ample notice and expressly requested to fix their deficiency, and they refused; the only response from this Court should be to strike their motion as a sanction and order the Defendants to file an Answer[4].

5. "We hold that Abassi, as a pro se movant, was not required to follow proper legal citation form in directing the BIA to a country profile published more recently than in 1994. Abassi's reference to "recent Country Reports" does not conform to citation rules of The Bluebook, *see* The Bluebook: A Uniform System

---

[3] Moreover "We expect lawyers to not arbitrarily or unreasonable withhold consent to a reasonable request for cooperation or accommodation" to which they refused.

[4] Notwithstanding, Defendants retain the right to file a Rule 12(c) motion for judgement on the pleadings.

of Citation (Columbia Law Review Ass'n et al. eds., 17th ed. 2000), but we have consistently held that procedural requirements should be more liberally construed for pro se litigants. *See, e.g., Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)" *Taufiq Moh Abassi v. INS*, 305 F.3d 1028, 1031-32 (9th Cir. 2002). Using proper citations to cases is a "procedural requirement" and failure to do so, intentionally, is fundamentally unfair to this *pro se* Plaintiff. Lawyers that engage in intentionally and knowingly unfair practices should be disbarred. Plaintiff, for years, has been expressly informing[5] the Manatt attorneys, including Ms. Reilly and Ms. Haule, to stop this practice of only using "WL" citation format. They know what they are doing is unfair and making it impossible for Plaintiff to defend.

6. "Citations to case law must be in the Bluebook format. Citations to case law must identify not only the case cited, but the specific page referenced." *Matrix Int'l Textile Inc. v. Just One, LLC*, No. CV 17-03363-BRO (RAOx), 2017 U.S. Dist. LEXIS 68500, at *6 (C.D. Cal. May 4, 2017). In dozens of instances, Defendant's attorneys have cited to a case but failed to indicate what page in said case they are relying on authority. This is "shotgun" legal drafting and displays a

---

[5] Plaintiff requests permission to file emails as exhibits with this Court, an act that is apparently prohibited by the Local Rule and by former Chief Judge Larry A. Burns. *See* Exhibit A at page 2.

lack of candor to the Court. Judges are not pigs hunting for truffles[6] within shotgun-cited cases. $1,000 per hour does not equate to credibility in legal argument.

7. "Bluebook style is required." *Bouyer v. 501-541 Glenoaks LLC*, No. 2:21-cv-02731-FLA-AGR, 2021 U.S. Dist. LEXIS 145392, at *8 (C.D. Cal. Apr. 8, 2021)

8. "All future submissions to this Court must be in proper Bluebook form or they will be stricken." I*n re Taser Int'l S'holder Derivative Litig.*, No. CV-05-123-PHX-SRB, 2006 U.S. Dist. LEXIS 11554, at *2 n.1 (D. Ariz. Mar. 17, 2006). As the Honorable Judge Susan R. Bolton ruled, so too should this honorable Court.

9. "11th Cir. R. 28-2(j) (requiring attorneys to conform their citations to The Bluebook: A Uniform System of Citation)." *Practice Mgmt. Info. Corp. v. AMA*, 121 F.3d 516, 519 n.5 (9th Cir. 1997)

---

[6] *Keenan v. Pyle (In re Keenan)*, Nos. 07cv451-L(RBB), 96-00871-B11, 06-90341-B11, 2008 U.S. Dist. LEXIS 25064 (S.D. Cal. Mar. 28, 2008). *Wright v. United States DOJ*, 379 F. Supp. 3d 1067 (S.D. Cal. 2019). *Dienes v. FCA US Ltd. Liab. Co.*, No. 16-cv-1812-AJB-BGS, 2018 U.S. Dist. LEXIS 40226 (S.D. Cal. Mar. 9, 2018). *In re Attys. Suspended or Disbarred by the State Bar of Cal.*, No. 19-mc-00126, 2019 U.S. Dist. LEXIS 143271 (S.D. Cal. Aug. 19, 2019). *Thomas v. Braithwaite*, No. 18-cv-1601-AJB-MSB, 2021 U.S. Dist. LEXIS 179279 (S.D. Cal. Sep. 13, 2021). *Siegler v. Sorrento Therapeutics, Inc.*, No. 3:18-cv-01681-GPC-NLS, 2019 U.S. Dist. LEXIS 129755 (S.D. Cal. Aug. 2, 2019)

10. "It is further ordered that all papers submitted in the future shall conform with the 16th edition of the Bluebook Uniform System of Citation and the Local Rules for the Southern District of California. Papers not in substantial compliance with said rules will be rejected by the Court." *Ilaian v. United States Dep't of Agric., Food & Nutrition Serv.*, 87 F. Supp. 2d 1047, 1048 (S.D. Cal. 2000). The Honorable District Judge Napolean A. Jones established the rule in this district that attorneys are to use the Bluebook Uniform System of Citation.

11. There is no case that holds that proper legal citation format is voluntary for licensed attorneys in any district in the entire federal system. Defendant's attorneys argue that Plaintiff should be held to the higher standard at PageID.75 and 76, all while violating the rules themselves (as licensed lawyers). That is the pot calling the kettle black.

12. Plaintiff will be filing another motion for sanctions based on the fact that Defendant's attorneys have accused Plaintiff, in their motion to dismiss at PageID.90 (Paragraph E), of filing a PC §632 claim (for landlines). That is completely false. To even make an argument, when no such argument exists anywhere in the Complaint, is beyond frivolous. Defendant's attorneys have truly "lost their mind" and are operating far beyond mere unprofessional conduct. The Court will obtain Rule 11 jurisdiction to sanction them in 14 more days (21 day delay is required).

13. Finally, the Court should consider that this is a mere two-call TCPA case that is only worth $500 for each call under the TCPA. Then the Court should also pause for a minute and ponder the fact that Defendant's attorneys bill at $1,000 per hour[7]. *See* ECF No. 60 filed on 3/17/2021 in *Stark vs. GG Homes*, at PageID.836. The attorneys in this matter have spent well over $25,000 in legal fees on this motion alone. Nobody does that unless there is something fishy going on. By the time Defendant Toma is done with discovery she will have spent over a quarter million in legal fees on this "small claims" case. Ms. Toma does not even own a home[8]. There is, with certainty, something else going on here. Defendant's attorneys are engaging in what can only be described as vexatious conduct given that is it knowing, willful and intentional at this point.

14. Plaintiff respectfully prays the Court to enter an order striking the Defendant's pending Moton to Dismiss, with prejudice, in its entirety and warning the attorneys that if they fail to follow the rules again, including the rules requiring civility, they will be subject to an order to show cause and possible sanctions.

Respectfully Submitted this 8th day of November, 2021.

/S/ Anton Ewing
Anton Ewing, Plaintiff

---

[7] PageID.844 at line 18 in 20-cv-1913-JAH-MSB, Stark vs. GG Homes, Inc.

[8] Eight Bell Homes, LLC is suspended by the California Franchise Tax Board for failure to pay its taxes. See also San Diego County Recorder docket number 2018-0515442 tax lien. Matters of public record judicially noticeable.

Civil Case No.3:21-CV-001724

**PROOF OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, Anton Ewing, am a citizen of the United States of America and am at least eighteen years of age and a party to this action. My address is 3077 Clairemont Drive, #372, San Diego, CA 92117. I do not have ECF filing privileges in this matter.

I am a party to the above captioned action.

On November 8, 2021, as required by and in accordance with the Federal Rules of Civil Procedure, I caused service of the following documents: Plaintiff's Motion to Strike Defendant's Entire Motion To Dismiss

Said documents were served at my direction through the United States Mail, by having such documents placed in a sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at San Diego, CA 92117, following ordinary business practices, to Defendant's attorney with mailing address as follows:

Kristin Haule, Esq. and Christine M. Reilly, Esq.
Manatt, Philips & Phelps, LLP
2049 Century Park East, Suite 1700
Los Angeles, CA 90067

All CM/ECF registered users will be served by the Clerk of the Court upon posting of this document on the docket.

I have read the above and it is true, correct and accurate under penalty of perjury under the laws of the United States.

Date: November 8, 2021

Anton Ewing