Anton Ewing (not an attorney)
3077 B Clairemont Drive #372
San Diego, CA 92117
619-719-9640
anton@antonewing.com

Plaintiff In *Pro Per*

FILED
DEC 09 2021
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY GGV DEPUTY

**THE UNITED STATES FEDERAL DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Anton Ewing,<br>Plaintiff,<br>vs.<br>Carolein Gorges Toma, an individual; Big Block Realty, Inc, a California corporation,<br>Defendants. | Civil Case No. 21-CV-1724 JLS MDD<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO STRIKE DEFENDANT'S ENTIRE MOTION TO DISMISS AND REQUEST FOR ADMONISHMENT TO DEFENSE COUNSEL**<br><br>**Memorandum of Points and Authorities**<br><br>Judge: Hon. Janis L. Sammartino<br>Date: December 16, 2021<br>Time: 1:30 PM<br><br>No Oral Argument Unless Ordered |

Plaintiff Anton Ewing ("Plaintiff"), in *propria persona*, respectfully replies to the Response filed by Defendants at ECF No. 11. Defendant's arguments are frivolous, contain false claims and assertions and is without merit.

## I. INTRODUCTION

1. Ms. Haule stated, at PageID.139 in ECF No.11, line 8: "<u>Second</u>, the Motion to Dismiss does not contain any personal attacks against Plaintiff." Wow!

2. Apparently calling Plaintiff a "serial TCPA litigant" is not a "personal attack." Further, it appears that calling Plaintiff's writing "vague, conclusory, inconsistent, shotgun, conflated, incoherent, contradictory, redundant, irrelevant, baseless, regurgitating, threadbare, egregious, flawed, fatal, impertinent, immaterial, glaring, disjointed, formulaic, unintelligible, utterly lacking, oft-miscited, misapplied, plainly deficient, jumbled, parroting, unsupported, and implausible" is not a "personal attack" on Plaintiff. Thank God. Plaintiff was a bit worried there for a moment.

3. Ms. Haule states that she offered to provide a list to case citations and yet she never actually provided it[1].. She stated, under oath even (PageID.147), that during a telephonic conversation that she offered a list of BlueBook citations and then she goes on to falsely and fraudulently assert that Plaintiff somehow refused. *See Decl. of Anton Ewing.* Plaintiff did not refuse any offer from Ms. Haule to correct her WL citation error. If she did, the motion would not have been filed. If she did, she would have sent it. If she did, she would have filed it with the Court as an exhibit. It appears that Ms. Haule is making up this alleged list of proper citation out of thin air and solely to attempt to quash the sting of the motion. That is totally understandable. Right after she filed her Response in this matter, she

[1] If Ms. Haule had one, she would have either sent it or filed it as an exhibit.

sent a confidential settlement offer. Ms. Haule does not want the Court to rule on what she has done.

4. Defendant's attempt to move for sanctions **in a Response to a motion**[2] is highly inappropriate and violates not only the rules of this Court but also due process of law. In order to make such a motion, the moving party must file a notice of motion after calling the law clerk to obtain a hearing date. Normally a meet and confer is required prior to that. Then a memorandum of points and authorities must be filed. Then a briefing schedule is posted on the docket. All that gives the other side the time and ability to properly and fairly respond. Defendant's have not conducted themselves in accordance with the procedure. Therefore the request for sanctions is not properly before the Court and even making such a request in a Response to a motion is frivolous given that attorneys know the rules.

5. Ms. Haule filed a 64-page response, which improperly and illegally contains actual "letters sent to others" as email exhibits (PageID.139 to PageID.188). This is a prohibited act. What Ms. Haule has done is illegal and against the law. She has violated the rules of this Court. Civil Local Rule 83.9 is very clear: "*Except as*

---

[2] Defendants use and employ the "**bold**" feature throughout their response. It appears that use of this type of formatting is prohibited by Local Rule 5.1.

*authorized by the judge, attorneys must not send copies to the judge of letters sent to others.*" Plaintiff will be filing a properly noticed motion for sanctions against Defendants for this blatant violation of the Local Rules. A meet and confer has been requested and no response have been received. This is how Ms. Haule operates in this case.

6. Defendants falsely claim that Plaintiff demanded "Lexis" citations. That is not true, nor accurate. Just as Defendants cannot solely use WL as their case cite format, neither can Plaintiff demand Lexis cite format. Defendants are being coy with the Court and lack candor on this point. Plaintiff asked for regular, normal citations like Fed 2d, F.Supp. or F.3d. The Federal reporter is the standard, not Westlaw and not Lexis. Westlaw and Lexis Nexis are direct competitors. That is why federal reporter cites are necessary.

7. When Ms. Haule asserted to this Court that Plaintiff demanded Lexis citations, she has subjected herself to a motion for sanctions and a State Bar complaint for making a false statement to a judge.

8. It is truly bizarre that Ms. Haule has even asserted in her Response that Plaintiff demanded "Lexis" cite format. Why Ms. Haule would lie to the Court about this is beyond comprehension. Further, Ms. Haule did not offer to provide federal reporter citations so that Plaintiff could look up and brief each case for the Court.

9. The December 2, 2021 timeline is important to track and follow in this matter:

a. At 4:30 PM the CM/ECF system emails Haule a copy of the Ex Parte motion to continue (which was emailed to Haule by Plaintiff prior to that).

b. 4:41 PM Plaintiff emails Haule a pdf courtesy copy of Plaintiff's Response to the Motion to Dismiss.

c. 6:34 PM ECF No. 11 is filed by Haule.

d. 6:41 PM Haule emails pdf of the Response to the motion to strike to Plaintiff.

10. This timeline clearly demonstrates that Ms. Haule had the Ex Parte motion and the Plaintiff's Response to the Motion to Dismiss several hours prior to her filing of the Response to the motion to strike. Ms. Haule had a duty to be candid and truthful with the Court.

11. Defendants have provided no caselaw, no Local Rule, no chamber rule and no Rule of Civil Procedure that allows them to not provide Federal Reporter citations and only use Westlaw citations. Defendants Response is unsupported by any legal authority that would be either binding or persuasive on this Court.

12. Generally, "unpublished" opinions are not to be cited in pleadings. "An unpublished opinion "may be cited or relied on . . . [w]hen the opinion is relevant

under the doctrines of law of the case, res judicata, or collateral estoppel." Cal. Rules of Court 8.1115(b)(1). Defendants have not articulated any "law of the case, res judicata, or collateral estoppel" when citing their unpublished WL opinions[3]. "However, while not only violating a Circuit Rule by citing to an unpublished opinion dated before 2007, USCS Ct. App. 9th Cir, Circuit R 36-3 ("Unpublished dispositions and orders of this Court issued before January 1, 2007 may not be cited to the courts of this circuit . . . .")" *Austin v. Saul*, No. 19-CV-604-JM(WVG), 2020 U.S. Dist. LEXIS 133485, at *146 (S.D. Cal. July 28, 2020).

13. "Under California Rules of Court, a superseded opinion is not considered published, and an unpublished opinion cannot be cited to or relied on by other courts." *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1126 n.8 (9th Cir. 2005). *Doe v. Sterling Infosystems, Inc.*, No. CV 15-04770 RGK (AJWx), 2015 U.S. Dist. LEXIS 188913, at *10-11 (C.D. Cal. Dec. 21, 2015)

14. Ms. Haule could not contain herself yet again and goes even further to smear and disparage Plaintiff with the following:

a. "…just another pretextual waste…" PageID.131

b. "Plaintiff has filed numerous other, similarly-baseless and

---

[3] "The unpublished opinion of the appellate court here is not a binding pronouncement of California law." *Nuh Nhuoc Loi v. Scribner*, 671 F. Supp. 2d 1189, 1202 (S.D. Cal. 2009)

inflammatory motions" footnote 1 PageID.131

c. "…unprofessional behavior…" PageID.132

d. "…utter frivolity of Plaintiff's Motion" PageID.132

e. "… tersely rebuffed and continually threatened by him." PageID.132

f. "…another pointless motion…" PageID.132

g. "…blatant gamesmanship… " PageID.133

h. "…threatening emails from Plaintiff" PageID.133

i. "…tersely-worded emails" PageID.134

j. "…unreasonably insisting…" PageID.134

k. "Plaintiff imprudently filed…" PageID.134

l. "…wholly contrived…" PageID.138

m. "…vague and increasingly threatening emails from day one" PageID.139

n. "…pure gamesmanship at best" PageID.139

o. "…egregious abuse…" PageID.139

p. "…smokescreen for his own misconduct" PageID.140

q. "…history of misconduct" PageID.140

r. "…chocked full of falsities" PageID.141

s. "…unprofessional and abusive behavior" PageID.142

t. "…***outrageous demands***" PageID.143

u. "Plaintiff is already displaying the same unprofessional behavior" PageID.143

v. "Plaintiff's inappropriate, unprofessional behavior and attacks" PageID.143

w. "baseless threats and pointless motion" PageID.143

15. If the above vituperative, insulting and slanderous comments are perfectly fine in the Southern District of California, then the Court should say so. If not, then the Court should say so. Either way (and with all due respect), the Court should allow Plaintiff the dignity of due process of law by forcing the Defendant's attorney, Ms. Kristin Haule, Esq. to provide case citations to the 83 cases she cited using only WL citation format, in a format that can be researched in accordance with the very first rule, Rule 1 of the Federal Rules of Civil Procedure ("…to secure the just, speedy, and inexpensive determination of every action and proceeding").

Respectfully Submitted this 6th day of December, 2021.

/S/ Anton Ewing
Anton Ewing, Plaintiff

Civil Case No.3:21-CV-001724

**PROOF OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, Anton Ewing, am a citizen of the United States of America and am at least eighteen years of age and a party to this action. My address is 3077 Clairemont Drive, #372, San Diego, CA 92117. I do not have ECF filing privileges in this matter.

I am a party to the above captioned action.

On December 6, 2021, as required by and in accordance with the Federal Rules of Civil Procedure, I caused service of the following documents: Plaintiff's Reply to Defendant's Response to Motion to Strike Defendant's Entire Motion To Dismiss

Said documents were served at my direction through the United States Mail, by having such documents placed in a sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at San Diego, CA 92117, following ordinary business practices, to Defendant's attorney with mailing address as follows:

Kristin Haule, Esq. and Christine M. Reilly, Esq.
Manatt, Philips & Phelps, LLP
2049 Century Park East, Suite 1700
Los Angeles, CA 90067

All CM/ECF registered users will be served by the Clerk of the Court upon posting of this document on the docket.

I have read the above and it is true, correct and accurate under penalty of perjury under the laws of the United States.

Date: December 6, 2021

____________________
Anton Ewing

Anton Ewing (not an attorney)
3077 B Clairemont Drive #372
San Diego, CA 92117
619-719-9640
anton@antonewing.com

Plaintiff In *Pro Per*

**THE UNITED STATES FEDERAL DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Anton Ewing,<br>Plaintiff,<br>vs.<br>Carolein Gorges Toma, an individual; Big Block Realty, Inc, a California corporation,<br>Defendants. | Civil Case No. 21-CV-1724 JLS MDD<br>**DECLARATION OF ANTON EWING IN SUPPORT OF PLAINTIFF'S REPLY TO THE RESPONSE TO THE MOTION TO STRIKE**<br>Filed concurrently with: [(1) Plaintiff's Reply; (2) Certificate of Service]<br>Judge: Hon. Janis L. Sammartino<br>Date: December 16, 2021<br>Time: 1:30 PM<br>No Oral Argument Unless Ordered |

I, Anton Ewing, declare as follows:

1. I am competent to testify to the following assertions of fact. I have personal knowledge of the below.
2. I did not demand that Ms. Haule provide case citations in **Lexis** format.

3. I did not reject Ms. Haule's offer to provide a list of citations to the Westlaw cases she cited in her Motion to Dismiss.

4. I have never asked nor demanded that Ms. Haule provide citations to caselaw in Lexis format.

5. Nowhere in Plaintiff's motion to strike does it mention, request, move or otherwise attempt to move the Court to order Lexis citation format by Defendants or their counsel.

6. Ms. Haule's declaration that I demanded Lexis format for case citation is false.

7. Ms. Haule did not offer to provide Lexis citations to her WL cases.

8. Ms. Haule's comments about a list of citations vary from "BlueBook" format to "docket case numbers." *See* PageID.132[4]. This demonstrates that she cannot get her own story straight.

9. Ms. Haule never offered to provide any federal reporter citations (F.2d, F.Supp.) for her WL cases.

10. Ms. Haule's declaration at paragraph 12 at PageID.148 states:

    a. "For example, on November 9, following our meet and confer call, Plaintiff sent me an email stating that his Motion to Strike for Defendants' purported failure to follow Bluebook citation format

---

[4] "providing a list of Defendants' citations with the "docket" (i.e., case) number added". "Defendants' counsel took the extra step of offering to provide Plaintiff with full Bluebook citation format for these cases"

"is being filed based on your refusal" to agree to extend the briefing schedule and continue the hearing on Defendants' Motion to Dismiss to allow Plaintiff to file and have his Motion to Strike and also possibly a motion for sanctions heard prior to Defendants' Motion to Dismiss. Attached hereto as Exhibit 12 is a true and correct copy of that email exchange."

11.Exhibit 12 states:

a. "The attached is being filed based on your refusal. Further, you need to withdraw you motion to dismiss. Are you refusing to do that also?"

12.Ms. Haule is asserting, under oath, that my motion to strike was being filed because of a refusal "to agree to extend the briefing schedule and continue the hearing on Defendants' Motion to Dismiss to allow Plaintiff to file and have his Motion to Strike and also possibly a motion for sanctions heard prior to Defendants' Motion to Dismiss."

13.Ms. Haule has falsely asserted, under oath, that the email stating "the attached is being filed based on your refusal" is not the refusal to use proper case citation to the federal reporters but because of a refusal to agree to (1) extend briefing schedule, (2) continue the hearing, (3) and to file a motion for sanctions.

14.This assertion by Ms. Haule is a blatant lie, under oath.

15. Business and Professions Code section 6068(d) requires an attorney: "To employ, for the purpose of maintaining the causes confided to him or her those means only as are consistent with truth, and never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law."

Pursuant to 28 USC §1746, I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: December 4, 2021

By:__________________

Anton Ewing